IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| 7 South Aberdeen Street Condominium Association, Inc., Stephen Hamilton, Samuel P. Richey, and Joanna Mirov,<br><br>              Plaintiffs,<br>v.<br><br>Travelers Casualty and Surety Company of America,<br><br>              Defendant. | Case No. |

**COMPLAINT FOR DECLARATORY JUDGMENT,
INJUNCTION, AND OTHER RELIEF**

Plaintiffs, 7 South Aberdeen Street Condominium Association, Inc., Stephen Hamilton, Samuel P. Richey, and Joanna Mirov (formerly Sobran) (collectively "Plaintiffs"), pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, complain against the defendant, Travelers Casualty and Surety Company of America ("Travelers" or "Defendant"), as follows.

**Nature of the Action**

1. Plaintiff 7 South Aberdeen Street Condominium Association, Inc. ("Association") is the governing condominium association for the condominium property located at 7 South Aberdeen Street, Chicago, Illinois. Plaintiffs Stephen Hamilton ("Hamilton") and Samuel P. Richey ("Richey") are owners of condominium units in the building and members of Association's Executive Board. Plaintiff

Joanna Mirov ("Mirov") is a former owner of a condominium unit in the building and former member of Association's Executive Board.

2. Plaintiffs are named as defendants in a lawsuit pending in the Circuit Court of Cook County, Illinois (the "State Court Lawsuit"). The plaintiff in the State Court lawsuit, 1063 Madison, LLC ("Madison LLC"), owns certain commercial property located in the same building as the condominium units owned by Hamilton, Richey and (formerly) Mirov. Madison LLC asserts claims arising from alleged overcharging of assessments by Association, through its professional property managers, and for infiltration of water into the basement of the commercial property allegedly caused by poor building maintenance.

3. Plaintiffs tendered the State Court Lawsuit to Travelers for defense and indemnity under a "Community Association Management Liability Coverage" policy issued to Association. Travelers initially purported to accept the tender under a reservation of rights. This created a classic conflict of interest, requiring Travelers to cede control of the defense of the State Court Lawsuit as a matter of law. It also negated the effect of certain policy provisions, including those requiring the insureds to "cooperate" with Travelers in defending the State Court Lawsuit and giving Travelers the right to control the defense and negotiate any settlement of the case.

4. At first, Travelers purported to retain control of the defense of the State Court Lawsuit in knowing violation of law. When called out, Travelers

consented to Plaintiffs' election to engage independent counsel, and agreed to compensate him at an agreed rate. However, once the defense costs began to mount, Travelers stopped paying Plaintiffs' defense expenses without excuse or explanation, in violation of its obligations under the Policy and Illinois law. Since October 2022, Travelers has failed to pay more $150,000 in fees and expenses incurred in the defense of the State Court Lawsuit.

5. At the same time, Travelers has breached its obligation to relinquish control of the defense of the State Court Lawsuit and has unlawfully purported to seize control. In breach of Illinois law and its duty to relinquish control of the defense, Travelers, though its agents, has engaged in direct settlement negotiations with the parties in the State Court Lawsuit. This includes not only the plaintiff, but also the third-party defendants, whom Plaintiffs have sued for indemnification of the damages Travelers claims the right to deny coverage.

6. Travelers conduct alleged herein has been knowing, deliberate and intentional. Such conduct is a part of a recurring pattern by Travelers to trample on the rights of its insureds in Illinois while flouting its own obligations under its policies and controlling Illinois law.

7. Accordingly, Plaintiffs seek the following relief: (1) a declaratory judgment that Travelers has breached its duty to defend and, therefore, is subject to the estoppel doctrine; (2) preliminary and permanent injunctions requiring Travelers to pay all past-due attorney fees and litigation expenses incurred by

Plaintiffs in the State Court Lawsuit, and to promptly pay such fees and expenses going forward; (3) damages for breach of contract; and (4) an award of attorney fees incurred in this action and in the underlying State Court Lawsuit, as well as a penalty of $60,000, pursuant to section 155 of the Illinois Insurance Code.

## Parties

8. Association is an Illinois not for profit corporation with its principal place of business in Chicago, Illinois.

9. Hamilton is a natural person and citizen of Illinois.

10. Richey is a natural person and citizen of Illinois.

11. Mirov is a natural person and citizen of Illinois.

12. Travelers is a Connecticut corporation with its principal place of business in Connecticut or New York.

## Jurisdiction and Venue

13. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiffs, all of whom are citizens of Illinois, and Defendant, a citizen of Connecticut. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

14. An actual controversy within the meaning of 28 U.S.C. § 2201 exists among the parties concerning Travelers' obligations under several policies of insurance providing liability coverage to Plaintiffs, as set forth more fully below.

4

15. Venue is proper in the Northern District of Illinois under 28 U.S.C. §§ 1391(b)(1) and (d). Specifically, Travelers is deemed to reside in the Northern District of Illinois because Travelers is subject to personal jurisdiction in the State of Illinois, and Travelers' contacts within the Northern District of Illinois would be sufficient to subject Travelers to personal jurisdiction in this district if it were a separate state.

## Facts Common to All Counts

### *The Policy*

16. Travelers issued a "Community Association Management Liability Coverage" insurance policy (no. 106088196) to Association and its volunteer directors for the period March 1, 2020, to March 1, 2021 (hereinafter the "Policy"). On information and belief, a true and correct copy of the Policy is attached hereto as Exhibit A.

17. The Policy provides in relevant part:

The Company will pay on behalf of:

    A.    the **Insured Persons, Loss for Directors and Officers Wrongful Acts,** except for **Loss** that the **Insured Organization** pays to or on behalf of the **Insured Persons** as indemnification;

    B.    the **Insured Organization, Loss** for **Directors and Officers Wrongful Acts**, that the **Insured Organization** pays to or on behalf of the **Insured Persons** as indemnification; and

    C.    the **Insured Organization, Loss** for **Directors and Officers Wrongful Acts,**

that results from any **Directors and Officers Claim** first made during the **Policy Period** .... [1]

18. The Policy also provides in relevant part:

**CLAIM DEFENSE**

1. The Company will have the right and duty to defend any **Claim** even if the allegations are groundless, false or fraudulent, including the right to select defense counsel with respect to such **Claim**; provided, that the Company will not be obligated to defend or to continue to defend any **Claim** after the applicable limit of liability has been exhausted by payment of **Loss**.

2. payment by the Company or the **Insured**, with the Company's consent, of **Defense Expenses** reduces any applicable limit of liability.

*The State Court Lawsuit*

19. On February 8, 2021, Madison LLC filed suit against Plaintiffs in the Circuit Court of Cook County, Law Division, asserting claims for money damages and injunctive relief arising from alleged breaches of contractual and fiduciary duties, among other claims (the State Court Lawsuit).

20. Madison LLC's complaint in the State Court Lawsuit alleged claims against Association for breach of contract (Counts I, IV and VI), fraudulent misrepresentation (Count II), and declaratory judgment (Count VIII); and against Hamilton, Richey and Mirov for breach of fiduciary duty (Counts III, V and VII).

---

[1] As reflected on page 2 of the Policy's Declarations, the Policy's limit of liability is one million dollars ($1,000,000).

6

21. On February 25, 2021, Plaintiffs, through legal counsel, tendered the defense of the State Court Lawsuit to Travelers for defense and indemnity.

22. On or around March 9, 2021, Travelers wrote to Plaintiffs' counsel to provide its "initial coverage analysis" of the State Court Lawsuit (hereinafter "Reservation Letter").

23. In its Reservation Letter, Travelers stated:

The referenced complaint appears to constitute a Directors and Officers Claim within the meaning of the Policy. As more particularly outlined in the Conditions of the Policy, Section V.E., the Company shall have the right and duty to defend any Claim even if the allegations are groundless, false or fraudulent, including the right to select defense counsel with respect to such Claim; provided, that the Company will not be obligated to defend or to continue to defend any Claim after the applicable limit of liability has been exhausted by payment of Loss.

24. The Reservation Letter also stated:

Pursuant to our duty to defend this matter, Travelers has retained O'Hagan Meyer to provide a defense to 7 South Aberdeen Condominium Association, Stephen Hamilton, Pat Riche [sic] and Joanna Sobran.

25. The Reservation Letter further stated:

Travelers is providing a defense to 7 South Aberdeen Condominium Association, Stephen Hamilton, Pat Riche [sic] and Joanna Sobran under a full reservation of rights, including but not limited to those stated below. Please note that our duty to defend this claim may be extinguished at some point in the future if it can be conclusively determined that no coverage exists for this matter under the Policy. Travelers also reserves the right to seek reimbursement for Defense Expenses and costs incurred in relation to non-covered claims or causes of action, to the extent permissible by law.

### *Plaintiffs' Exercise Their*
### *Right to Independent Counsel*

26. On March 16, 2021, Plaintiffs, through legal counsel, wrote to Travelers asserting that the Reservation Letter created a conflict of interest which, under Illinois law, prohibited Travelers from controlling or participating in the defense of the State Court Lawsuit.

27. Plaintiffs advised Travelers that it had a choice: it could withdraw its reservation of rights and defend the insured without qualification, subject only to the Policy's limits of liability, or relinquish control of the defense of the lawsuit and satisfy its duty to defend by paying for the insureds' independent counsel. Plaintiffs advised Travelers that, if it chose the latter course, Association, Hamilton, Richey, and Mirov selected David F. Wentzel, Esq., as their independent counsel.

28. On March 17, 2021, Travelers, through its authorized representative, wrote to Plaintiffs' counsel stating, "I have reviewed your letter and agree with your position. I have contacted Kevin O'Hagan and requested he stop work on the file."

29. Travelers requested that Plaintiffs' counsel review and sign certain "Billing Guidelines," which were contrary to settled Illinois law concerning the rights and obligations of an insurer when a conflict of interest exists. For example, the Billing Guidelines purported to require Plaintiffs to coordinate with Travelers regarding development of case strategies; to obtain Travelers' permission to retain experts; to engage only experts with whom Travelers had an existing relationship; and to submit drafts of all pleadings and motions for approval in advance of filing.

30. On April 16, 2021, Plaintiffs, through legal counsel, wrote to Travelers rejecting its Billing Guidelines as contrary to Illinois law, reiterating that Travelers was required to relinquish control of the defense of the State Court Lawsuit, and advising that Plaintiffs' independent counsel would make all strategic decisions regarding the defense of the action.

31. On May 25, 2021, Travelers, through its authorized representative. wrote to Plaintiffs' independent counsel: "This will confirm that we are agreeing to your terms and rate."

### *The Settlement Conference*

32. On May 3, 2022, the judge presiding over the State Court Lawsuit ordered a mandatory pretrial settlement conference to be held on June 28, 2022. The order directed that "all parties, and/or insurance representatives with full authority are to be present in court."

33. On June 22, 2022, at Travelers' request, Plaintiffs' independent counsel provided a preliminary case evaluation, which estimated that defense costs would total hundreds of thousands of dollars if the case was not promptly settled.

34. At the settlement conference on June 28, 2022, Travelers' authorized representative came with *de minimus* settlement authority. The judge remarked that Travelers' demeanor toward settlement caused the proceedings to be a "complete waste of everyone's time" and terminated the settlement conference.

## *Travelers Breaches Its Duty to Defend*

35. After the settlement conference, on October 11, 2022, Travelers wrote directly to Hamilton requesting the contact information for the lawyers representing the third-party defendants in the State Court Lawsuit. Plaintiffs sued those entities seeking indemnification for the damages sought by the plaintiff in the State Court Lawsuit -- the same damages for which Travelers purported to reserve its right to deny coverage.

36. When Plaintiffs' independent counsel asked Travelers why it was seeking to contact its insureds' adversaries in the State Court Lawsuit, Travelers replied that it "was a misunderstanding."

37. The next day, at a status conference in the State Court Lawsuit on October 13, 2022, counsel for the third-party defendants advised the judge that they were negotiating a settlement with one of Plaintiffs' other insurers, Aspen American Insurance Company ("Aspen").[2]

38. Plaintiffs' counsel wrote to Travelers asking if it was participating in these settlement discussions with Plaintiffs' adversaries in the State Court lawsuit. Travelers ignored this question.

---

[2] Plaintiffs tendered the State Court Lawsuit to Aspen at the same time it tendered the action to Travelers. Aspen ignored the tender for a full year, and then filed an action for a declaratory judgment of no coverage. Plaintiffs have counterclaimed for breach of the duty to defend.

10

39.     Instead, Travelers asked Plaintiffs' independent counsel for a copy of the pleadings filed in the Aspen declaratory judgment action. Plaintiffs' counsel refused, stating:

> "Your only conceivable interest in obtaining Aspen's pleading is to discover and coopt theories that may assist Travelers to avoid coverage. My clients have no duty to assist Travelers in that endeavor, and my duty of loyalty to my clients compels me to decline your request."

40.     After this, Travelers altogether stopped paying Plaintiffs' defense costs and expenses in the State Court Lawsuit, in blatant violation of its duty to defend. Since October 2022, Travelers has failed to pay, without explanation or excuse, one penny of the more than $150,000 in attorney fees incurred by Plaintiffs in the State Court Lawsuit since October 2022.

41.     Travelers also has failed to reimburse Plaintiffs' counsel, a solo law practitioner, for thousands of dollars in out-of-pocket expenses for litigation services provided by vendors since October 2022, including court reporters, experts, investigators, copy services, and other litigation service providers.

42.     Travelers also has refused, without explanation or excuse, to pay directly to other vendors numerous other invoices for services rendered, despite multiple requests by Plaintiffs' counsel for payment of those invoices. As a result, Plaintiffs' counsel risks being sued for payment or, alternatively, going even further out-of-pocket to finance the defense of the State Court Lawsuit.

11

43. Most recently, Travelers refused to pay, without explanation, the retainer fee of a crucial expert necessary for the defense of the underlying claims. As a result, Plaintiffs' counsel was required to pay the retainer out-of-pocket.

44. In January 2023, Travelers engaged litigation attorneys to further harass Plaintiffs and their independent counsel. These lawyers, as agents of Travelers, initially promised swift payment of the unpaid bills. However, once those materials were provided, Travelers lawyers reneged. Not one penny of Plaintiffs' defense costs, past or ongoing, has been paid since these lawyers promised to "shake the tree" to facilitate payment -- including for the time spent complying with their requests.

45. Although prejudice is not necessary for a finding of estoppel, Travelers' breaches are resulting in serious and ongoing prejudice to Plaintiffs in defending the State Court Lawsuit. There are a dozen depositions remaining to be completed before the fact discovery cutoff on April 28, 2023. Expert reports are due by May 10, 2023. Expert depositions must be completed by July 31, 2023.[3] Dispositive motions are due by August 3, 2023.

46. Plaintiffs, who are mere volunteers serving on a not-for-profit Board, have no resources to finance these substantial ongoing defense costs. Plaintiffs' independent counsel, a solo practitioner, has given up other paying work to

---

[3] The plaintiff in the State Court Lawsuit has indicated that it will designate three experts, and possibly more.

represent Plaintiffs. Meanwhile, Travelers has withheld, and continues to withhold, performance of the contractual duties for which Plaintiffs duly paid the premium.

47.  Not only has Travelers breached its duty to defend by failing to pay for Plaintiffs' defense costs in the State Court Lawsuit, Travelers also has breached its obligation to relinquish control of the defense and settlement of the State Court Lawsuit. Travelers, through its agents, Stefan Dandelles ("Dandelles:) and Dennis Condon ("Condon") of Kaufman, Dolowich & Voluck, has engaged in settlement discussions directly with Plaintiffs' adversaries in the State Court Lawsuit in clear and blatant violation of the clear dictates of Illinois law.

48.  Additionally, Travelers, through its agents Dandelles and Condon, and contrary to established Illinois law, has wrongfully disclaimed the obligation to pay, and has failed to pay, for prosecution of affirmative claims that are inextricably intertwined with the defense of the State Court Lawsuit, and that would limit the liability of Plaintiffs in that action and thus are encompassed within the duty to defend.

49.  Travelers did this without filing a declaratory judgment action as to its duty to pay for prosecution of these affirmative claims, which it was required to do if there was any good faith dispute about the issue. In taking these actions, Travelers sought to extort Plaintiffs and force them to knuckle under Travelers' strong-arm tactics, which themselves constitute breaches of its duty to defend and to relinquish control of the defense of the State Court Lawsuit, by essentially

forcing Plaintiffs to shoulder the burden and expense of another lawsuit -- this lawsuit -- to address Travelers' breaches of duty.

**Count I - Declaratory Judgment**

50. Plaintiffs incorporate by reference the allegations of paragraphs 17 through 47 herein, as and for their allegations of this paragraph 48 as though fully set forth herein.

51. Travelers has admitted that the allegations of the State Court Lawsuit appear to constitute "a Directors and Officers Claim" within the meaning of the Policy, thereby triggering Travelers' duty to defend.

52. Travelers has breached its duty to defend by engaging in the acts and omissions alleged in paragraphs 27 through 49 herein, and otherwise.

53. Under Illinois law, an insurer who breaches its duty to defend is estopped from asserting all defenses to coverage, including without limitation all conditions and exclusions under the policy.

54. Under Illinois law, an insurer who breaches its duty to defend is liable for the full amount of any judgment or reasonable settlement of the underlying lawsuit, even beyond policy limits.

55. As a result of Travelers' breach of the duty to defend, Travelers is subject to the estoppel doctrine and all its outcomes and ramifications.

WHEREFORE, plaintiffs 7 South Aberdeen Street Condominium Association, Inc., Stephen Hamilton, Samuel P. Richey, and Joanna Mirov ("Plaintiffs") pray for

the following relief:

(a) a declaration that Travelers had a duty to defend Plaintiffs in the State Court Lawsuit, that Travelers breached its duty to defend, and that as a result, Travelers is subject to the doctrine of estoppel;

(b) preliminary and permanent injunctions requiring Travelers to promptly pay all costs and expenses, including reasonable attorney fees, incurred by Plaintiffs in the State Court Lawsuit, and to promptly pay current and future defense costs and expenses of that action;

(c) a declaration that Travelers is liable for the full amount of any judgment entered against Plaintiffs in the State Court Lawsuit, or alternatively, the full amount of any reasonable settlement Plaintiffs make with the plaintiff and/or the third-party defendants in the State Court Lawsuit; and

(d) an award of damages resulting from Travelers' breach including all attorney fees and other defense expenses incurred in defending and/or settling the State Court Lawsuit and in this lawsuit.

## Count II - Breach of Contract

56. Plaintiffs incorporate by reference the allegations of paragraphs 17 through 55 herein, as and for their allegations of this paragraph 56, as though fully set forth herein.

57. Travelers' conduct as alleged herein constitutes a breach of its contractual duties under the Policy.

15

58.  As a result of Travelers' breach of contract, Plaintiffs have suffered injury and damages in the form of unpaid attorney fees and litigation expenses in the State Court Lawsuit and in prosecuting this lawsuit. These damages are ongoing but to date exceed $170,000.

WHEREFORE, plaintiffs 7 South Aberdeen Street Condominium Association, Inc., Stephen Hamilton, Samuel P. Richey, and Joanna Mirov ("Plaintiffs") pray for judgment in their favor and against defendant Travelers in an amount to be proved at trial, in any event not less than $170,000.

### Count III - Vexatious and Unreasonable Conduct

59.  Plaintiffs incorporate by reference the allegations of paragraphs 17 through 55 herein, as and for their allegations of this paragraph 59, as though fully set forth herein.

60.  Travelers conduct as alleged herein was, and is, vexatious and unreasonable within the meaning of section 5-155 of the Illinois Insurance Code, 215 ILCS 5/155(a).

WHEREFORE, 7 South Aberdeen Condominium Association, Inc., Stephen Hamilton, Samuel P. Richey, and Joanna Mirov ("Plaintiffs") pray for the following relief:

(a)  an award of their attorney fees and costs incurred in this action; and

(b)  a penalty of $60,000 or 60% of the amount which the court or jury finds Plaintiffs are entitled to recover against Travelers in this action, whichever is less.

## **JURY DEMAND**

Plaintiffs demand a trial by jury for all claims triable by a jury under the allegations and claims stated herein.

                                              Respectfully submitted,

                                              /s/ David F. Wentzel
                                              David F. Wentzel

David F. Wentzel
Wentzel Law Offices
77 W. Washington St., Suite 2100
Chicago, Illinois 60602
Phone: (312) 697-0500
Facsimile: (312) 697-0505
dwentzel@wentzellaw.com
ARDC #6204739